**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **RONALD HAYWARD,** | * |
|     **Plaintiff,** | * |
| v. | Case No.: GJH-18-2406 |
| | * |
| **JIMMY GONZALES, et al.** | * |
|     **Defendants.** | * |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Ronald Hayward's Commercial Class-A Driver's License ("CDL") was revoked due to the lack of a medical certificate on file.[1] Plaintiff, proceeding *pro se*, brings this action against Defendants the Maryland Motor Vehicle Administration ("MVA"), its Administrator Chrissy Nizer, its Deputy Administrator Philip Dacey, and its CDL Manager, Jimmy Gonzales alleging a violation of the Due Process Clause in the MVA's revocation of his license. ECF No. 1. Defendants have filed a Motion to Dismiss, ECF No. 7, and Plaintiff has filed a Motion for the Appointment of Counsel, ECF No. 11. No hearing is necessary. *See* Loc. Rule 105.6. For the following reasons, Defendants' Motion to Dismiss shall be granted and Plaintiff's Motion for the Appointment of Counsel shall be denied.

**I.  BACKGROUND**

Federal regulations require that CDL holders be medically certified as physically qualified to drive commercial vehicles every 24 months. 49 C.F.R. §§ 391.41(a)(1)(i); 391.45(b)(1). Maryland law requires the MVA to "cancel the commercial driver's license of any

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.

1

individual who fails to submit to the Administration a current certificate of physical examination." Md. Code Ann. Transp. § 16-812(k)(3). CDLs must include the licensee's full name and current mailing address. Md. Code Ann. Transp. § 16-811(c)(2)(i)(1). Maryland law also provides that, "unless another method for giving notice is specifically required," notice shall be given "[b]y personal delivery to the person to be notified; or [b]y mail to the person at the address of the person on record with the Administration." Md. Code Ann. Transp. § 12-114(a). Once a CDL has been downgraded for longer than one year, a former licensee must complete written and road testing before again being issued a CDL. Md. Code Ann. Transp. § 16-115(c); Md. Code Regs. 11.17.02.01.

On August 25, 2016, the MVA sent a notice to Plaintiff at the address listed on his commercial driver's license, informing him that his medical examiner's certificate was to expire on October 9, 2016. *See* ECF Nos. 1-2, 1-6. On October 17, 2016, the MVA sent another notice informing Plaintiff that, absent his submission of an updated medical examiner's certificate, his CDL would be downgraded on November 18, 2016. ECF No. 1-4. Both of these notices were returned as undeliverable. ECF Nos. 1-3, 1-5. Having never received the notices, Plaintiff took no action, and his license was downgraded. ECF No. 1 at 7. Over a year later, on December 1, 2017, Plaintiff met with Defendant Gonzalez, who refused to reissue his CDL. *Id*. Plaintiff also met with Defendant Nizer and later, on March 30, 2018, with Defendant Dacey while possessing a current medical certificate, but they again refused to reissue his CDL. *Id*.

Plaintiff alleges that at this time, the MVA's website explained, "You do not need to submit your medical certification (Med Cert) information with the MVA until you have been directly contacted by the Administration. The MVA will send correspondence to your residence mailing address 45 days prior to expiration requesting documentation." ECF No. 1-1 at 1.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80. Finally, a court "may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). A *pro se* plaintiff is held to a "less stringent" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

As an initial matter, Plaintiff names the MVA as a Defendant in this suit. The MVA is an agency within the Maryland Department of Transportation, part of the Executive Branch of Maryland State Government. Md. Code Ann. Transp. §§ 2-101, 12-101. But an "unconsenting State is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan*, 425 U.S. 651, 663 (1974). It is well established that the Maryland Department of Transportation is an arm of the state of Maryland and is entitled to sovereign immunity absent consent by the state to be sued or abrogation of sovereign immunity. *See, e.g., McCray v. Md. Dept. of Transp.*, 741 F.3d 480, 482-83 (4th Cir. 2014). Therefore, the case must be dismissed as to the MVA.

However, Plaintiff can still recover for any deprivation of his constitutional rights by officers of the state acting under color of state law. *See* 42 U.S.C. § 1983. Procedural due process "requires fair notice of impending state action and an opportunity to be heard." *Snider Int'l Corp. v. Town of Forest Heights, Md.*, 739 F.3d 140, 146 (4th Cir. 2014). To satisfy the due process clause, notice must not be a "mere gesture, but rather an effort reasonably calculated to effect actual notice." *Id*. Critically, "[a]ctual notice is not necessary" to satisfy the due process clause. *Id*.

Plaintiff challenges the notice provided by MVA as insufficient. Specifically, he asserts that the MVA did not "directly" contact him, as the attempts to notify him were sent to the wrong address and returned as undeliverable. But the MVA sent notice, as required by state law, to the address listed on the very CDL at issue here. This procedure satisfies the requirements of the Due Process Clause, as it is "reasonably calculated" to notify a CDL holder. Indeed, had Plaintiff updated the address on his CDL as required by law, he would have received notice that

his medical examination certificate was about to expire. Therefore, Plaintiff's allegations, even liberally construed, cannot state a claim for a violation of the Due Process Clause.[2]

**IV. CONCLUSION**

Defendants' Motion to Dismiss, ECF No. 7, is granted. Plaintiff's Motion for the Appointment of Counsel, ECF No. 11, is denied. A separate Order shall issue.


Date: May 3, 2019 /s/_____
GEORGE J. HAZEL
United States District Judge

---

[2] Plaintiff requests the appointment of counsel. ECF No. 11. Appointment of counsel is proper "when it is obvious that a pro se litigant has a colorable claim but lacks the capacity to present it." *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008). Plaintiff has not alleged sufficient facts for the Court to conclude that he obviously has a colorable claim, so the Motion for Appointment of Counsel shall be denied.